UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE ROSA, | : |
|     Plaintiff, | : |
| | :   No. 3:09-CV-1633-WWE |
| v. | : |
| | : |
| STATE OF CONNECTICUT, | : |
| DEPARTMENT OF CHILDREN | : |
| AND FAMILIES, | : |
|     Defendant. | : |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this action, plaintiff has filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60, *et seq.*, alleging discrimination in employment based on race and color. Defendant State of Connecticut, Department of Children and Families ("DCF") has filed a motion for summary judgment. For the following reasons the motion for summary judgment will be granted.

## BACKGROUND

The parties have submitted statements of facts with accompanying exhibits and affidavits that reveal the following factual background.

Plaintiff, a white male, has been employed with defendant DCF for twenty three years as a Children Services Worker ("CSW"). In May, 2008, plaintiff applied for the position of Lead Children Services Worker ("LCSW"). Three other applicants were considered.

Defendant selected an African-American female, Shantee McKissick, to fill the LCSW position. Plaintiff has alleged that he was denied the LCSW promotion because of his race and

1

color. As evidence of discrimination, plaintiff argues that he was more experienced and more qualified than Ms. McKissick. Plaintiff had Bachelor of Arts degrees in psychology and sociology and had partial credit toward his Masters Degree in social work. He had also been employed by defendant as a CSW for over twenty years at the time of his LCSW application. In contrast, Ms. McKissick had not yet completed her Bachelor of Arts degree and had been employed by defendant for less than three years.

The work experience required for the LCSW classification is two years as a CSW. The classification of LCSW is considered a competitive classification under the state merit system. As such, individuals must take and pass an examination administered by the Department of Administrative Services ("DAS") in order to be considered for appointment. Upon passage, applicants were interviewed by a diverse panel consisting of a white male, a Hispanic male, and an African American female. The hiring manager was a white female.

On July 1, 2008, after being denied the promotion, plaintiff filed a complaint against DCF with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). DCF's Division of Diversity and Equity conducted an internal investigation based on the CHRO complaint and found insufficient evidence to believe that discrimination occured.

Defendant alleges that Ms. McKissick was selected over plaintiff and the other candidates because of her more relevant experience and better performance during the interview in which she demonstrated superior understanding of issues specific to the LCSW position.

Plaintiff, who remains employed as a CSW at DCF, filed this complaint on November 14, 2009.

**DISCUSSION**

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him. See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. See Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference

could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

Title VII

Claims of employment discrimination brought under Title VII are assessed under the burden-shifting framework articulated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Under the McDonnell Douglas framework, a plaintiff must first establish a *prima facie* case of discrimination by showing that: (1) he is a member of a protected class; (2) he is qualified for his position; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination.

Once a plaintiff has established a *prima facie* showing of discrimination, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employment action. McDonnell Douglas, 411 U.S. at 802. "The defendant must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993). The burden then shifts back to plaintiff to demonstrate that the defendant's non-discriminatory reason is a mere pretext for actual discrimination. This requires a plaintiff to produce "sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not discrimination was the real reason" for the employer's actions. Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996). "A reason cannot be proved to be a 'pretext for discrimination' unless it is shown both that the reason was

false, and that discrimination was the real reason." Hicks, 509 U.S. at 515.

Assuming *arguendo* that plaintiff succeeded in establishing a *prima facie* case of employment discrimination, the claim fails because DCF has proffered legitimate, nondiscriminatory reasons for the adverse employment action, and plaintiff has failed to demonstrate adequately that such reasons comprise mere pretext for discrimination.

An employer can meet the burden of proffering a legitimate non-discriminatory justification by introducing "admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981). Here, defendant contends that Ms. McKissick was better qualified and performed better during her interview.

On September 29, 2006, two years before the application process, Ms. McKissick was appointed to serve as a Temporary LCSW. Defendant deemed Ms. McKissick's experience as Temporary LCSW to be relevant to her qualification as for the LCSW position. In addition, defendant alleges that Ms. McKissick outperformed plaintiff during the interview process. Comments in the DCF applicant tracking system note that Ms. McKissick demonstrated a good understanding of interdisciplinary teamwork as well as responsibilities of the LCSW position. In contrast, plaintiff received some negative feedback. For example, plaintiff is listed as having identified only one leadership quality when asked to provide three. As virtually "[a]ny legitimate nondiscriminatory reason [for the adverse action] will rebut the presumption triggered by the prima facie case," defendant DCF has met its burden of production. Fisher v. Vasser College, 114 F.3d 1332, 1335-36 (2d Cir. 1997). Therefore, the presumption of discrimination "drops out of the picture" and the burden shifts back to plaintiff to demonstrate that the defendant's non-

5

discriminatory reason is a mere pretext for actual discrimination.  Hicks, 509 U.S. at 511.

As cited in plaintiff's own memorandum, plaintiff must provide a "smoking gun or at least a thick cloud of smoke to support his allegations of discriminatory treatment." Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 174 (2d Cir. 2006).  Instead, plaintiff merely continued to point to the disparity between his and Ms. McKissick's background and experience.

Plaintiff insists that the discrepancy in qualifications is circumstantial evidence of intent to discriminate.  While evidence used to establish the *prima facie* case can also serve to demonstrate pretext, plaintiff has not met his burden.  Reeves v. Sanderson Plumbing Prod., Inc., No. 99-523 2000 WL 19134 *5-6 (U.S. 2000).  The third stage of the McDonnell Douglas framework requires a plaintiff to produce evidence that the nondiscriminatory reasons proffered by the employer were false, and that more likely than not discrimination was the real reason for the employer's actions.  See  Van Zant, 80 F.3d at 714.  Plaintiff has produced no such evidence and failed to meet his burden of persuasion.  Therefore, defendant's motion for summary judgment pursuant to Title VII will be granted.

Connecticut Fair Employment Practices Act

"[T]he Eleventh Amendment bars suits of any sort against a state in federal court unless the state has consented to be sued or Congress has expressly abrogated the state's immunity." Kostok v. Thomas, 105 F.3d 65, 68 (2d Cir. 1997).  Although Connecticut has consented to petitions for relief based on CFEPA claims in the superior court, this waiver of immunity does not extend to the federal court system.  Conn. Gen. Stat. §46a-100; Walker v. State of Connecticut, 106 F.Supp 2d 364 (D. Conn. 2000).  Plaintiff does not debate this issue in his opposition to defendant's motion for summary judgment.  Thus, plaintiff's state law claim

6

predicated on CFEPA is barred by the doctrine of sovereign immunity and may not be brought in federal court by virtue of the Eleventh Amendment.

## **CONCLUSION**

For the above stated reasons, defendant's motion for summary judgment [doc #34] will be GRANTED. The Clerk is instructed to enter judgment in defendant's favor and to close this case.

DATED this 12th day of October, 2011 at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE